**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| WILLIE B. SMITH III,<br><br>                    Plaintiff,<br>     v.<br><br>JEFFERSON DUNN, Commissioner,<br>Alabama Department of Corrections,<br><br>                    Defendant. | No. 2:20-cv-01026-RAH<br><br>**CAPITAL CASE<br>EXECUTION SCHEDULED FOR<br>FEBRUARY 11, 2021** |

**PLAINTIFF'S BRIEF REGARDING EFFECT OF SUPREME COURT GRANT
OF CERTIORARI IN *GUTIERREZ V. SAENZ***

Pursuant to the Court's Order of January 25, 2021 (Dkt. 28), Plaintiff respectfully submits this brief regarding the effect on this case of the U.S. Supreme Court's grant of certiorari in *Gutierrez v. Saenz*, No. 19-8695, 2021 WL 231538 (Jan. 25, 2021) (mem.). Both *Gutierrez* and this case turn on whether a state's exclusion of a condemned prisoner's religious advisor from the execution chamber violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. *See* SCOTUSblog, *Gutierrez v. Saenz*, No 19-8695, https://www.scotusblog.com/case-files/cases/gutierrez-v-saenz/. The Court's previous stay of *Gutierrez* and more recent grant of cert are strong indications that the petitioner is likely to prevail on the merits of his claims—as is Mr. Smith here.

The certiorari grant in *Gutierrez* is the latest decision in a lengthy procedural history that mirrors that of this case. Both Alabama and Texas for decades had execution protocols that required the presence of a state-employed chaplain in the execution chamber. *See Ray v. Comm'r*,

915 F.3d 689, 692 (11th Cir. 2019); Order, *Gutierrez v. Saenz*, Civil No. 1:19-CV-00185, at 2–3 (S.D. Tex. Nov. 24, 2020) [ECF No. 124]. Muslim prisoner Domineque Ray challenged Alabama's protocol in early 2019, while a Buddhist inmate named Patrick Henry Murphy brought suit against Texas a few months later. *See Dunn v. Ray*, 139 S. Ct. 661 (2019); *Murphy v. Collier*, 139 S. Ct. 1475 (2019). After the Eleventh Circuit ruled that Mr. Ray was likely to prevail on his claims, the Supreme Court reversed on timeliness grounds without disturbing the Eleventh Circuit's merits analysis. *Ray*, 139 S. Ct. at 661. In *Murphy*, the Court rejected Texas' timeliness argument and ruled that Mr. Murphy's execution could proceed only if "the State permits Murphy's Buddhist spiritual advisor or another Buddhist reverend of the State's choosing to accompany Murphy in the execution chamber during the execution." *Murphy*, 139 S. Ct. at 1475. Justice Kavanaugh wrote a concurrence suggesting that barring all religious advisors from the execution chamber could cure any equal protection problem. *Id.* Although the concurrence said nothing about the merits of the RLIUPA claim, both Texas and Alabama amended their execution protocols to exclude all religious advisors from the execution chamber. *See* Order, *Gutierrez v. Saenz*, Civil No. 1:19-CV-00185, at 2–3 (S.D. Tex. Nov. 24, 2020) [ECF No. 124]; Def.'s Resp. in Opp'n to Smith's Emergency Mot. for Preliminary Inj. and Mot. to Dismiss (Dkt. 12) at 8–9.

Following that policy change, Ruben Gutierrez, like Mr. Smith a Christian prisoner, challenged Texas' exclusion of his religious advisor's presence in the execution chamber but was denied a stay by the Fifth Circuit. *See Gutierrez v. Saenz*, 818 Fed. App'x 309, 314 (5th Cir. 2020) The Fifth Circuit applied a strict definition of substantial burden, looking to how important the religious advisor's presence in the execution chamber was to Gutierrez's religious beliefs. *Id.* at 314 (requiring a showing that the government "truly pressure[d] the adherent to significantly

modify his religious behavior and significantly violate his religious beliefs") (internal quotations and citation omitted).

The Supreme Court summarily reversed the Fifth Circuit—impliedly finding that Mr. Gutierrez had shown a substantial burden on his religious exercise. While it did not provide an opinion explaining its rationale, the Court undoubtedly relied on its holding in *Holt v. Hobbs*, 574 U.S. 352 (2015), rejecting the suggestion that RLUIPA distinguishes between objectively important and unimportant religious beliefs. *See* Pl.'s Reply in Supp. of Emergency Mot. for Preliminary Inj. and Opp'n to Mot. to Dismiss (Dkt. 13-1) at 3–5 (describing and citing to *Holt*). The Supreme Court stayed *Gutierrez* and ordered the district court to evaluate the legitimacy of the security concerns that purportedly formed the basis of the state's compelling government interest. *See Gutierrez v. Saenz*, 141 S. Ct. 127 (2020) (mem.) (instructing the district court to "promptly determine, based on whatever evidence the parties provide, whether serious security problems would result if a prisoner facing execution is permitted to choose the spiritual adviser the prisoner wishes to have in his immediate presence during the execution").

The district court did just that. On November 24, 2020, the court held that "the extensive evidence submitted by the Parties does not demonstrate that serious security concerns would result from allowing inmates the assistance of a chosen spiritual advisor in their final moments." Order, *Gutierrez v. Saenz*, Civil No. 1:19-CV-00185, at 29 (S.D. Tex. Nov. 24, 2020) [ECF No. 124]. The evidence, like that here, included a dearth of problems in the execution chamber, the experience of the federal Bureau of Prisons in accommodating prisoner requests, and the opinion of a prison expert that such accommodations are feasible. *Id.* at 27.

In granting certiorari this week in *Gutierrez*, the Supreme Court ordered the district court to now decide the merits of the underlying claims, taking into account the findings of fact in the

3

district court's order of November 24, 2020. *Gutierrez v. Saenz*, No. 19-8695, 2021 WL 231538 (Jan. 25, 2021) (mem.). While the stay of execution terminates upon the sending down of the Supreme Court's judgment, the Court expressly held that Mr. Gutierrez may renew his application for a stay pending resolution of his claims if an execution date is set before resolution of his spiritual advisor claims. *Id.*

Through its stay of *Gutierrez*, the Supreme Court rejected Texas' arguments on substantial burden, and the Court's remand of the case to the district court, when the district court already has rejected the State's security concerns arguments, raises serious doubts that the State can satisfy its burden of showing a compelling interest. Mr. Smith therefore respectfully requests that this Court follow the path of *Gutierrez* and grant his motion for a preliminary injunction.

Dated: January 28, 2021

Respectfully submitted,

| | |
|---|---|
| */s/ Spencer J. Hahn* <br> Spencer J. Hahn <br> Oregon Bar No. 043027 <br> John Anthony Palombi <br> Kentucky Bar No. 86784 <br> ASSISTANT FEDERAL DEFENDERS <br> FEDERAL DEFENDERS FOR THE <br>   MIDDLE DISTRICT OF ALABAMA <br> 817 South Court Street <br> Montgomery, AL 36104 <br> (334) 834-2099 <br> Spencer_Hahn@fd.org <br> John_Palombi@fd.org | Anand Agneshwar (*pro hac vice*) <br> New York Bar No. 2591030 <br> ARNOLD & PORTER <br> KAYE SCHOLER LLP <br> 250 West 55th Street <br> New York, NY 10019 <br> 212-836-8000 <br> anand.agneshwar@arnoldporter.com <br><br> *Counsel for Willie B. Smith III* |

4

## CERTIFICATE OF SERVICE

I, Spencer J. Hahn, filed this Plaintiff's Brief Regarding Effect of Supreme Court Grant of Certiorari in *Gutierrez v. Saenz* on January 28, 2021, using the CM/ECF system, which caused it to be served on counsel for Defendant through that system.

/s/ Spencer J. Hahn
Spencer J. Hahn

*Counsel for Willie B. Smith III*