# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WILLIE B. SMITH III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-01026-RAH |
| | ) |
| JEFFERSON S. DUNN, | ) |
| Commissioner, Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| Defendant. | ) |

## JOINT MOTION TO DISMISS

Come now Plaintiff and Defendant and respectfully request that this Honorable Court dismiss this lawsuit without prejudice because the causes of action asserted in the complaint have been rendered moot. As grounds, the parties state:

1. On December 14, 2020, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleged that Defendant would violate his constitutional rights by carrying out his execution without allowing his chosen spiritual advisor to minister to him in the execution chamber during his execution.[1] Plaintiff also filed a motion for preliminary injunction to stop his scheduled February 11, 2021,

---

1. Doc. 1.

execution.[2]

2. Plaintiff's execution was stayed. The Eleventh Circuit Court of Appeals granted an injunction on February 10, 2021,[3] and the Supreme Court declined to vacate the injunction the following evening.[4] Justice Kavanaugh, whose writings the ADOC had cited as support for the exclusion of spiritual advisors from the execution chamber,[5] dissented but noted: "[I]t seems apparent that States that want to avoid months or years of litigation delays because of this RLUIPA issue should figure out a way to allow spiritual advisors into the execution room, as other States and the Federal Government have done."[6]

3. This Court held a status conference on February 25, 2021. At that time, Defendant informed the Court that the ADOC was in the process of revising its lethal injection protocol to permit the presence of spiritual advisors in the execution chamber during executions.[7]

4. On March 29, 2021, Defendant filed a redacted version of the amended execution protocol and various supporting documents.[8]

---

2. Doc. 3.
3. *Smith v. Comm'r, Ala. Dep't of Corrs.*, 21-10348 (11th Cir. Feb. 10, 2021).
4. *Dunn v. Smith*, 141 S. Ct. 725 (2021) (mem.).
5. *See Murphy v. Collier*, 139 S. Ct. 1475, 1475–76 (2019) (mem.) (Kavanaugh, J., concurring); *id.* at 1476–78 (Kavanaugh, J., statement of May 13, 2019).
6. *Dunn*, 141 S. Ct. at 727 (2021) (mem.) (Kavanaugh, J., dissenting).
7. Doc. 48.
8. Docs. 50, 50-1, 50-2, 50-3, 50-4.

5.      The Court held another status conference on March 31, 2021. Plaintiff's counsel had concerns regarding the amended protocol, and the Court allowed the parties to work together to resolve these issues.[9] The issues have been resolved as follows:

    a.    Defendant will not further amend the protocol filed on March 29, 2021, to address any issues in this litigation.

    b.    Defendant will inform current inmates as well as incoming inmates, during their death row orientation, of their opportunity to select a spiritual advisor to accompany them in the execution chamber. When an execution warrant is issued, Defendant will again give the inmate a copy of this information.[10]

    c.    Also at the time that the warrant is issued, Defendant will give the inmate a form that he or she may use to designate his or her spiritual advisor and an alternate spiritual advisor.[11]

    d.    The inmate's spiritual advisor may use an approved template to submit his or her written plan.[12]

    e.    If the inmate has counsel, then counsel for the State will send

---

9. Doc. 52.
10. Ex. A.
11. Ex. B.
12. Ex. C.

copies of these documents to the inmate's counsel to ensure that the inmate's choices are made and received by the ADOC in a timely fashion.

6. Plaintiff's counsel submitted Plaintiff's spiritual advisor's written plan to Defendant's counsel on May 24, 2021. In accordance with the amended protocol, Holman Correctional Facility Warden Terry Raybon approved the plan with specific written limitations on May 27, 2021.[13] Plaintiff's counsel reviewed the limitations with Plaintiff on June 7, 2021, and Plaintiff has agreed to the plan as approved by Warden Raybon.

7. Because Defendant has agreed to allow Plaintiff's chosen spiritual advisor into the execution chamber and will permit him to anoint Plaintiff, hold Plaintiff's hand, and pray with him, the claims in Plaintiff's complaint are moot.[14]

---

13. Ex. D. The spiritual advisor used an earlier draft of the template form. The written limitations on Plaintiff's spiritual advisors' written plan are as follows:
    (1) The spiritual advisor may bring in anointing oil, with the understanding that it will be inspected. He may anoint Plaintiff's head before the curtains to the witness rooms are opened.
    (2) The spiritual advisor may talk with Plaintiff prior to the execution, though general conversation should end when the curtains open. After the execution begins, he may pray with Plaintiff and hold his hand. He will be instructed to step away before the consciousness assessment is performed.
    (3) The spiritual advisor will be allowed to remain in the chamber until the curtains to the witness rooms are drawn, and then he will be escorted out. He will not be in the chamber when time of death is called so as to protect the privacy of the individual(s) who perform this function.
14. *E.g.*, *Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the

4

WHEREFORE, the premises considered, the parties jointly request that this Court dismiss all claims in Plaintiff's complaint without prejudice.

Respectfully submitted on June 16, 2021.

| For the Plaintiff: | For the Defendant: |
|---|---|
| **/s/ Spencer J. Hahn**<br>Spencer J. Hahn<br>John Anthony Palombi<br>*FEDERAL DEFENDERS FOR THE MIDDLE DISTRICT OF ALABAMA* | STEVE MARSHALL<br>ATTORNEY GENERAL OF ALABAMA<br><br>BY— |
| Anand Agneshwar<br>*ARNOLD & PORTER KAYE SCHOLER LLP* | **/s/ Lauren A. Simpson**<br>Lauren A. Simpson<br>*Alabama Assistant Attorney General* |

---

ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."); *Thompson v. Alabama*, 293 F. Supp. 3d 1313, 1328 (M.D. Ala. 2017) ("When a claim is moot, the court lacks subject-matter jurisdiction to adjudicate the claim.").